**EDWARD L. PAUL, ESQUIRE (EP8529)**
**Edward L. Paul, P.C.**
**1018 Laurel Oak Road, Suite 4**
**Voorhees, New Jersey 08043**
**(856) 435-6565**
**Attorneys for Debtor**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: MICHAEL T. RIGOLIZZO<br><br>Debtor. | Chapter 7<br><br>Case No.   08-13400<br><br>Judge:   Judith H. Wizmur |
| JOHN CASAROW, TRUSTEE OF THE ESTATE OF MICHAEL T. RIGOLIZZO,<br><br><br>Plaintiff<br><br>v.<br><br>MICHAEL T. RIGOLIZZO, CROSS KEYS ROAD DEVELOPMENT ASSOCIATES, LLC, MICHAEL DEANGELIS, WARREN COLLINS, H.M. DEANGELIS, DANA D. DOLSON, RANDOLPH AYERS AND TERRY L. HOFFMAN<br><br><br>Defendants. | Adv. No. |

ADVERSARY COMPLAINT TO AVOID AND
RECOVER FRAUDULENT TRANSFERS, AND
FOR TURNOVER OF AMOUNTS DUE DEBTOR

1

JOHN CASAROW, Trustee of the Bankruptcy Estate of Michael T. Rigolizzo (hereinafter referred to as "Trustee" or "Plaintiff") through his counsel, Edward L. Paul, Esquire, of the Law Firm of Edward L Paul, P.C., by way of Complaint , alleges as follows:

## NATURE OF THE ACTION

This is an adversary proceeding for relief brought in the above-captioned Chapter 7 proceeding by the Trustee pursuant to 11 U.S.C. § 544 and seeking to avoid certain transfers made by the Debtor to Defendants prior to the bankruptcy filing, and to recover amounts due to the Debtor pursuant to prepetition contracts..

## JURISDICTION AND VENUE

1. This adversary proceeding is a "core" proceeding brought under the authority of Fed. R. Bankr. P. 7001, 11 U.S.C. § 105(a) and 28 U.S.C. § 157 (b)(2). This adversary proceeding is an action to recover a preferential transfer.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 (b)(2). Venue of this matter is properly in the District of New Jersey pursuant to 28 U.S.C. § 1409(a).

## PARTIES

1. The Debtor/Defendant is Michael T. Rigolizzo. The Debtor's voluntary Chapter 7 bankruptcy was filed on February 28, 2008 and assigned Case No. 08-13400\JHW.

2. Upon the Trustee's information and belief, the Defendant, Cross Keys Road Development Associates, LLC is a limited liability company in the State of New Jersey which

registered office located at 4 South Cedar Street, Berlin, 08009.

    3.    Upon the Trustee's information and belief, the Defendant, Warren Collins, is an individual presently residing at or formerly residing at 105 South Broad Street, Elmer, New Jersey 08318.

    4.    Upon the Trustee's information and belief, the Defendant, Michael DeAngelis, is an individual presently residing at or formerly residing at P.O. Box 180, Patten, ME 04765.

    5.    Upon the Trustee's information and belief, the Defendant, H.M. DeAngelis Company is a New Jersey Corporation, with offices at 1117 Centerton Road, Pittsgrove, New Jersey 08318.

    6.    Upon the Trustee's information and belief, the Defendant, Randolph Ayers, is an individual presently residing at or formerly residing at 702 Uranus Road, Millville, New Jersey 08332.

    7.    Upon the Trustee's information and belief, the Defendant, Dana D. Dolson, is an individual presently residing at or formerly residing at P.O. Box 180, Patten, ME 04765.

    8.    Upon the Trustee's information and belief, the Defendant, Terry L. Hoffman, is an individual presently residing at or formerly residing at 389 Cross Keys Road, Sicklerville, New Jersey 08081.

## COUNT I

    1.    On or about May 10 2006, Debtor entered into a contract (hereinafter referred to as the "Contract") with Terry L Hoffman to purchase real estate at 389 Crosskeys Road, Sicklerville, NJ 08081 (hereinafter known as the "subject property") for the sum of $665,000.00. The aforesaid real estate which is the subject of said contract is more specifically described as, Block

17902, Lot 13 of the municipal tax map of the Township of Gloucester, County of Camden, State of New Jersey.

2. The Trustee is informed and believes that the Debtor alleges that he entered into an Operating Agreement for Defendant Crosskeys Road Development Associates, LLC (hereinafter referred to as "Crosskeys") on or about June 1, 2007. Said Operating Agreement provided that Debtor would receive a payment of $50,000.00 from the assignment of the Agreement of Sale for the subject property to Crosskeys. Debtor alleges that he has no ownership interest in Crosskeys or other right to distribution other than the aforesaid $50,000.00 and reimbursement of expenses for expenses incurred on behalf of Crosskeys.

3. The Trustee is informed and believes that the aforesaid Agreement of Sale was amended on or about June 11, 2007 to change various provisions, and to assign debtor's rights under the contract to defendant, Cross Keys Road Development Associates, LLC.

4. At the time of the assignment, Cross Keys was an insider of the Debtor.

5. The trustee is informed and believes that the Debtor alleges that he expended approximately $20,000.00 in costs prior to the aforesaid assignment. Further, the Trustee is informed and believes that the Debtor alleges that he provided substantial personal services in developing a concept for the subject property and for the marketing of such property.

6. The amendment to the agreement of sale dated June 11, 2007 (hereinafter 'the amendment') acknowledges that seller, Terry Hoffman, had received the sum of $20,000.00 as a deposit towards the purchase price for the subject property. The amendment further provided that Hoffman would hold a purchase money mortgage in the amount of $245,000.00 at the time of closing on the agreement of sale.

4

7. The amendment further provided that seller would retain rights to remain on the property as a tenant and allocated real estate tax obligations between the parties. Additionally, the amendment eliminated any requirement that Buyer obtain necessary development approvals prior to closing which was originally scheduled on or before September 1, 2008.

8. At the time of debtor's assignment of the agreement of sale for the subject property, debtor was insolvent or became such as a result of such transfer.

9. The Debtor's Assignment of his interest in the Contract is a transfer that is avoidable by the Trustee pursuant to 11 U.S.C. § 548.

10. Alternatively, at the time of debtor's assignment of the agreement of sale for the subject property, debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital.

11. Alternatively, at the time of debtor's assignment of the agreement of sale for the subject property, debtor intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

12. Alternatively, at the time of debtor's assignment of the agreement of sale for the subject property, debtor made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

13. Debtor's assignment of his rights and amendments to the aforesaid agreement of sale occurred within 1 year prior to the commencement of debtor's chapter 7 bankruptcy proceeding.

14. The Trustee is informed and believes that the value of the subject property was and is presently substantially greater than the sale price of $665,000.00 reflected in the Contract.

15. Debtor received less than a reasonably equivalent value in exchange for the assignment of debtor's rights in and amendment to the agreement of sale for the subject property.

16. Alternatively, debtor assigned his rights in and amended the agreement of sale for the subject property to CrossKeys with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that the aforesaid assignment was made, indebted.

Wherefore, the Trustee seeks judgment:

A. avoiding the assignment of debtor's rights under the agreement of sale dated May 10, 2006 and amended June 11, 2007,

B. determining that the Debtor is the true owner of the real estate described as 389 Crosskeys Road, Sicklerville, NJ 08081,

C. for an accounting and turnover of the aforesaid real estate,

D. for damages,

E. counsel fees and costs of suit

F. such further relief that the court deems just and equitable.

## COUNT II

1. The Trustee repeats and realleges the allegations of Count I as if it were fully set out here at length.

2. Pursuant to §544(b) of the Code, the Trustee may avoid a transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under state law.

3. Under N.J.S.A. 25:2-3, 25, 26, 27, the conveyance of Debtor's interest in the Contract was made for inadequate consideration is voidable as a fraudulent conveyance.

Wherefore, the Trustee seeks judgment:

A. avoiding the assignment of debtor's rights under the agreement of sale dated May 10, 2006 and amended June 11, 2007,

B. determining that the Debtor is the true owner of the real estate described as 389 Crosskeys Road, Sicklerville, NJ 08081,

C. for an accounting and turnover of the aforesaid real estate,

D. for damages,

E. counsel fees and costs of suit

F. such further relief that the court deems just and equitable.

## COUNT III

1. The Trustee repeats and realleges the allegations of Counts I and II as if it were fully set out here at length.

2. Trustee is informed and believes that the debtor alleges that his interest as a member of CrossKeys is limited to a zero percent interest in CrossKeys. The trustee is informed and believes that the debtor further alleges that he has acted as the manager of Crosskeys as part of his obligations to the limited liability company in exchange for the recited consideration of $50,000.00 set forth in paragraph 3.1 of the operating agreement dated June 1, 2007.

3. The aforesaid operating agreement recites no obligation by the debtor to receive the recited consideration of $50,000.00 other than his assignment of the agreement of sale dated May

10, 2006 and amended June 11, 2007..

    4.    Paragraph 3.1 of the aforesaid operating agreement provided that the initial members of Crosskeys would contribute capital from which the debtor would be paid the sum of $50,000.00. Debtor alleges that he is due a sum of $10,700.00 of the $50,000.00 due under paragraph 3.1 of the operating agreement from CrossKeys and its members.

    5.    The Trustee is entitled to turnover of said sum of $10,700.00 jointly and severally from Crosskeys and the Defendants.

    Wherefore, the trustee seeks judgment :

A.    jointly and severally against defendants CrossKeys LLC and its members in the amount of $10,700.00,

B.    counsel fees and costs of suit

C.    such further relief that the court deems just and equitable.

## COUNT IV

    1.    The trustee repeats and realleges the allegations of Counts I, II and III as if it were fully set out here at length.

    2.    The trustee's demands for amounts due in accordance with the CrossKeys operating agreement are based upon debtor's allegations that there remains due the sum of $10,700.00 as consideration for the assignment of debtor's rights to the afore-described agreement of sale.

    3.    Any amounts due to the debtor from Crosskeys or its members that remained unpaid as of the filing of debtor's voluntary petition in bankruptcy on February 28, 2008 constitute property of the bankruptcy estate.

8

  4. No payments to or for the benefit of the debtor on account of amounts due from Crosskeys or its members have been authorized since the filing of debtor's bankruptcy petition.

  5. To the extent that CrossKeys and or its members allege to have transferred any amounts to the debtor after the filing of debtor's petition, such transfers may be avoided by the trustee pursuant to 11 USC sec. 549.

  Wherefore, trustee demands judgment:

A. avoiding any post petition transfers of property of the bankruptcy estate as described above

B. for damages,

C. counsel fees and costs of suit

D. such further relief that the court deems just and equitable.

Count V

  1. The trustee repeats and realleges the allegations of Counts I, II, III, and IV as if it were fully set out here at length.

  2. Debtor performed services for Crosskeys as a Manager and Equity participant.

  3. Upon information and belief, the Debtor and other Members of Cross Keys have failed to properly disclose the true nature of Debtor's interest as a Member in Cross Keys, and have failed to observe appropriate formalities in the execution and amendment of the documents which purport to reflect the ownership interest of the members of Cross Keys.

  4. Debtor is entitled to reformation of the Limited Liability Operating Agreement to reflect the true nature of Debtor's interest and investment in Cross Keys.

  5. Alternatively, Debtor is entitled to compensation for services rendered to Cross Keys in connection with the subject property.

Wherefore, the Trustee demands judgment:

A.Determining the interest of the Debtor in the Cross Keys Road Development Associates, LLC,

B.Determining the compensation due Debtor in connection with services rendered to , Cross Keys Road Development Associates, LLC,

C.counsel fees and costs of suit

D.such further relief that the court deems just and equitable.

EDWARD L. PAUL, P.C.
Attorneys for Trustee, John Casarow


\s\ Edward L. Paul, Esquire
Dated:2/17/10Edward L. Paul, Esquire